# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SRINIVASA NARASIMHALU
293 Tanager Ct, Deerfield
IL 60015

Plaintiff ,

     vs.

Case No.:

COMPLAINT

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
20 Massachusetts Ave NW,
Washington DC 20529

                         Defendants.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

# **COMPLAINT**

## I. INTRODUCTION

1.  This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq.*, seeking to hold unlawful and set aside the decision of the California Service Center (CSC) Director of the United States Citizenship and Immigration Services (USCIS) in File No. WAC1803050684 on February 27, 2018, denying Delta Information Systems, Inc. (Delta)'s Form I-129, Petition for Nonimmigrant Worker upon behalf of Srinivasa Narasimhalu on 1) the completely unsubstantiated ground that there was no employer-employee relationship between Delta and Mr. Narasimhalu, despite the fact that he has been employed by Delta, with USCIS authorization, for over six (6) years, and it is undisputed that Delta has the sole right to control his work activities, and 2) the USCIS's legally erroneous conclusion that the job of computer systems analyst offered to him is not a specialty occupation despite the fact that it is undisputed that most computer systems analysts have a bachelor's degree in a computer-related field, and both the courts and the USCIS itself have repeatedly held that where most

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

persons in an occupation require a bachelor's degree in a narrow range of majors, or a related major, or its equivalent, it is a specialty occupation.

2. This action also asks the Court to hold unlawful and set aside the Director's denial of Srinivasa Narasimhalu's application to extend his H-1B nonimmigrant status in the United States (same date and file number as above), which was denied solely because of the erroneous denial of Delta's petition upon his behalf.

## II. PLAINTIFF

3. Srinivas Narasimhalu is a native and citizen of India who was lawfully employed by Delta as a computer professional with USCIS authorization from November 1, 2011 to February 27, 2018. He earned $101,160 in 2016 from his employment by Delta and was offered $75,000 per year in the instant petition. His education and experience has been evaluated by a professor in the field as the equivalent of a Bachelor's Degree in Computer Information Systems from an accredited institution of higher education in the United States.

## III. DEFENDANTS

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

4. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV. JURISDICTION

5.   This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

6. (1) Mr. Narasimhalu likewise has a legally protected interest in a decision by the USCIS on Delta's petition upon his behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded inasmuch as because of the improper denial of this petition his application for extension of stay has also been denied. The invasion of this right has caused him concrete and particularized injury

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

in that as a result of this invasion he can no longer be employed by Delta and so cannot derive the revenue he previously received from his employment and his presence in the United States has been rendered unlawful;  (2) there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants' denial of Delta's petition and his application for extension of stay  which prevents him from working for Delta and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Delta to employ Mr. Narasimhalu again and so enable him to support himself and lawfully remain in the United States. Further, Delta wishes to employ Mr. Narasimhalu in the offered position. Accordingly, Mr. Narasimhalu has standing to complain of this action. *Lujan*, *supra*.


# VI. VENUE

7.   Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant, resides.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

## VII. BRIEF STATEMENT OF PERTINENT FACTS

8. On April 19, 2011, Mr. Narasimhalu's U.S. nonimmigrant status was changed to H-1B, effective October 1, 2011, so he could be employed by Delta. Exhibit A at 60.[1]

9. On November 1, 2011 Mr. Narasimhalu commenced employment with Delta. Exhibit A at 49.

10. Thereafter Mr. Narasimhalu H-1B status was extended three (3) times by the USCIS so he could continue to be employed by Delta. Exhibit A at 57-60.

11. On November 13, 2017, Delta filed a Petition for a Nonimmigrant Worker (Form I-129), with USCIS seeking to classify Mr. Narasimhalu as a temporary worker in a specialty occupation (H- 1B) under section 101 (a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA)  with a concurrent request for extension of stay. A complete copy of that petition with all evidence filed with it is attached as Exhibit A.

---

[1] All Exhibits attached hereto were filed in USCIS File No. WAC1803050684 and therefore are a part of the administrative record. .

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

12. According to the terms of that petition Delta sought Mr. Narasimhalu's services as a SAP FI/CO Consultant so as to be able to provide them for a temporary period to Global Source IT's project at Nabco Entrances, where he would work on the "SAP Branch roll-out" project by performing the following duties:

- Assist in the configuration, implementation, testing, and integration of SAP FI/CO (finance and control) enterprise resource planning (ERP) system solutions in order to automate and streamline the client's business and financial processes. Specifically, he will perform the following duties:
- Set up organizational and financial structure of separate locations within SAP with different functions (e.g., manufacturing, sales and service, both), in different sales groups and countries/currencies (specifically, the client has multiple locations in both the US and Canada);
- Handle import of historical data and especially open transactional data when migrating various locations from multiple legacy systems (such as QuickBooks) into SAP.
- Assist the business in setting up structures to capture multiple sales orders, production orders, etc. into "Job cost" summaries for consolidated cost/margin/profit analysis.
- Develop and build report profit/loss analysis by location.
- Financial consolidation of different locations' data.
- Prepare functional specification for reports, interfaces, and conversions. Design and execute test plans to ensure that the business requirements and functional specifications are implemented properly and meet business objectives.
- Accountable for resolving AR, AP, GL; CO-PA related issues.
- Support and modify the SAP report painter.
- Development of SAP FI-SD and FI-MM integration.
- Develop business relation and integrate activists with other IT areas to ensure successful implementation and support project effort.

Exhibit A at 68-69.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

13. Subsequently the USCIS sent Delta a "Request for Evidence", Exhibit B, pertaining to this matter to which Delta responded by, among other things, elaborating upon the job duties which Mr. Narasimhalu would perform:

> SAP FI/CO is an ERP system used by companies to automate and streamline their business and financial processes; more specifically, it is a complex software system which allows businesses to manage all of their financial and accounting activity by automating, streamlining, and consolidating financial and business activity into one comprehensive and integrated system. The SAP Brach Roll-Out project is the integration and implementation of this new system at the client site and integrating all its branch locations throughout the U.S. and Canada within the system. Each of Mr. Narasimhalu's duties as described in the petitioner's letter are the tasks which he must perform in order to implement this system at the client site, configure it to meet the end-client's business requirements, integrate it with existing business processes and systems, and test it to ensure its proper functioning. Exhibit C at 1-2.

14. Mr. Narasimhalu's proposed job duties were explained yet further in a letter from Nabco, which explained that the purpose of the project was to install and integrate the SAP FI/CO system into its existing technical infrastructure. The letter also elaborated on Mr. Narasimhalu's duties in order to describe how they directly relate to this project. For example, the letter submitted by Delta in support of its petition stated that Mr. Narasimhalu would "Develop and build report profit/loss by location. The new Nabco letter explained that he will build these reports within the

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

SAP system, and that the reports will allow the company CFO to access profit and loss information for each company branch within one report. Also, the initial job description stated that Mr. Narasirmhalu will "Prepare functional specifications for reports, interfaces, and conversions." The new Nabco letter provides more detail, stating that this task involves the technical mapping of data from old systems to the new SAP system, and from non-SAP systems into the new system. Exhibit C at 32-33.

15. This information was also confirmed in a new letter from the Delta which provided a more detailed description of the duties of the position, the skills required to perform them, and the approximate percentage of time the beneficiary spends on each task. As described in the petitioner's letter, the SAP FI/CO Consultant is a cross-functional position which involves many IT processes and functions. The beneficiary would integrate SAP FI/CO with the business's existing systems and would be responsible for configuring the system to integrate multiple aspects of the end-client's business, including connecting the system across multiple branch locations; building the necessary interfaces and reports in the system; and preparing

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

test scripts, executing the tests, and addressing any issues that arise. Exhibit C at 11-15.

16. Nevertheless, on February 27, 2018 USCIS, acting through Kathy A. Baran, director of its California Service Center, issued its Decision denying Delta's H-1B petition upon behalf of Mr. Narasimhalu.

17. The stated bases for this Decision were:

    (a) Delta had "not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" Exhibit D at 3;

    (b) Delta had "not shown that the proffered position is a specialty occupation." Exhibit D at 10.

18. On the same date USCIS denied Mr. Narasimhalu's application for extension of stay because Delta's petition upon his behalf was denied. Exhibit E at 1.

## VIII CAUSE OF ACTION

19. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--

...

- **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
- **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

20. The USCIS's decision of February 27, 2018 denying Delta's H-1B petition upon behalf of Mr. Narasimhalu was arbitrary, capricious and not in accordance with law inasmuch as:

(a) The conclusion that Delta had "not established that you will be a 'United States employer' having an 'employer-employee relationship' with the beneficiary as an H-1B temporary 'employee.'" was arbitrary and capricious inasmuch as it was unsupported by substantial (or any) evidence. The record in fact contains overwhelming evidence that Delta had the right to control Mr. Narasimhalu's work, and so was its employer under the tests set forth in *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440 (2003) and *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). To the extent that the decision was premised upon the assertion that Delta had to actually control Mr. Narasimhalu's work, instead of merely having the right to, it was not in accordance with the law as well. *See, e.g. Clackamas and Darden,* as well as

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

*Chin v. United States*, 57 F.3d 722, 725 (9th Cir. 1995) ("In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so.").[2]

(b) The conclusion that Delta had "not shown that the proffered position is a specialty occupation" was likewise arbitrary and capricious inasmuch as it was unsupported by substantial (or in fact any) evidence as well as not in accordance with law inasmuch as it is inconsistent with USCIS regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) as interpreted in *Next Generation Tech., Inc. v. Johnson*, No. 15 cv 5663 (DF), 2017 U.S. Dist. LEXIS 165531, at *30-31 (S.D.N.Y. Sep. 21, 2017) and at least 2,415 decisions of the USCIS, all of which stand for the proposition that an occupation is a "specialty occupation" if "most" of the members of that occupation hold a degree in a specialized or related field, and it is undisputed that most systems analysts do hold such degrees.

22. Further, inasmuch as Mr. Narasimhalu's application for extension of stay was denied solely because Delta's petition upon his behalf was denied, the denial

---

[2] Even though the record unequivocally shows that Delta will in fact control Mr. Narasimhalu as well as possessing the right to.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

of that extension was arbitrary and capricious and not in accordance with law as well.

A. THE FINDING THAT DELTA AND MR. NARASIMHALU LACK AN EMPLOYER-EMPLOYEE RELATIONSHIP IS ARBITRARY AND CAPRICIOUS BECAUSE THE RECORD SHOWS THAT DELTA HAS THE RIGHT TO CONTROL HIS WORK AND THERE IS NO EVIDENCE IN THE RECORD TO THE CONTRARY

23. "The general definition of the term 'servant' in the Restatement (Second) of Agency § 2(2) (1958), for example, refers to a person whose work is "controlled or is subject to the right to control by the master." See also *id.*, § 220(1) ("A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or *right to control*"). *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448 (2003)."In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's *right to control* the manner and means by which the product is accomplished. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). "In this connection, it is not necessary that the employer actually direct or control the manner in which the

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

services are performed; it is sufficient if he has the right to do so." *Chin v. United States*, 57 F.3d 722, 725 (9th Cir. 1995).

24. Here there is no dispute that Delta has the right to control Narasimhalu's work. In particular, it is undisputed that Delta's contract with him provides it with the complete right to control his work by expressly providing that:

- Srinivasa Narasimhalu's Delta Information Systems, Inc. supervisor will make the main development and product decisions for the end product to be produced by Srinivasa Narasimhalu, via weekly instructions over telephone and/or email to Srinivasa Narasimhalu or more frequently as needed.

- Srinivasa Narasimhalu's contact with his Delta Information Systems, Inc. supervisor will therefore not be limited to weekly communications if circumstances warrant more intensive supervision.

- The principal day-to-day management of Srinivasa Narasimhalu's work will therefore be conducted by Delta Information Systems, Inc., except for minor operational consultations at the work site.
- Delta Information Systems, Inc. will provide all the tools and equipment (including any software and operating environment) needed by Srinivasa Narasimhalu for the job, except that which may already be installed at the work site.
- Delta Information Systems, Inc. will make all primary hiring; firing, and promotional decisions regarding Srinivasa Narasimhalu.
- Delta Information Systems, Inc. supervision will sit down at the end-client location with Srinivasa Narasimhalu if he requires such close supervision for his work's successful completion.
- Delta Information Systems, Inc. supervision will not rely on any on-site supervisor's input for purposes of evaluating Srinivasa Narasimhalu's work.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- Delta Information Systems, Inc. will of course claim Srinivasa Narasimhalu for tax purposes as its employee.
- Delta Information Systems, Inc. will provide Srinivasa Narasimhalu with any primary benefits, such as any life or medical insurance, etc., which may be offered to its other employees, on the same terms…….

…

(1) Srinivasa Narasimhalu will work under the supervision and control of Delta Information Systems, Inc. throughout the employer-employee relationship.

(2) Srinivasa Narasimhalu will telephone or otherwise communicate directly with the Delta Information Systems, Inc. supervisor no less than once a week regarding the assigned work,

(3) Delta Information Systems, Inc's supervisor, to whom Srinivasa Narasimhalu will report, is Srini Lavu, President, (770) 329-5642.

( 4) Srinivasa Narasimhalu has acknowledged that even if called upon to assist the employees of companies other than Delta Information Systems, Inc. while at work, only Delta Information Systems, Inc. has the right to control the work of Srinivasa Narasimhalu on a day-to-day basis.

(5) Srinivasa Narasimhalu has acknowledged that only Delta Information Systems, Inc. has hired, and will pay, and will have the ability to fire, Srinivasa Narasimhalu.

(6) Srinivasa Narasimhalu will be subject to regular progress/performance reviews from Delta Information Systems, Inc.'s supervisor; continued employment is dependent upon those reviews.

(7) Delta Information Systems, Inc. will provide Srinivasa Narasirmhalu with all instrumentalities and tools required for this position, including computer, if not already available at the work site.

(8) Delta Information Systems, Inc. will retain the full right to assign additional duties to Srinivasa Narasimhalu at all times.

(9) Delta Information Systems, Inc. will retain full discretion over when and how long Srinivasa Narasimhalu will work, the provision of employee benefits, the method of payment, and the right to hire and pay any assistants. required by Srinivasa Narasimhalu.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Exhibit A at 73-74.

25. Further, it is also undisputed that Nabco, the entity controlling the location at which Mr. Narasimhalu will provide services, also fully acknowledges and corroborates Delta's complete right to control his work, by affirming that Delta Information Systems, Inc. will control Srinivasa Narasimhalu work:

- Srinivasa Narasimhalu's Delta Information Systems, Inc. supervisor will make the main development and product decisions for the end product to be produced by Srinivasa Narasimhalu, via weekly instructions over telephone and/or email to Srinivasa Narasimhalu or more frequently as needed.

- Srinivasa Narasimhalu's contact with his Delta Information Systems, Inc. supervisor will therefore not be limited to weekly communications if circumstances warrant more intensive supervision.
- The principal day-to-day management of Srinivasa Narasimhalu's work will therefore be conducted by Delta Information Systems, Inc., except for minor operational consultations at the work site.
- Delta Information Systems, Inc. will provide all the tools and equipment (including any software and operating environment) needed by Srinivasa Narasimhalu for the job, except that which may already be installed at the work site.
- Delta Information Systems, Inc. will make all primary hiring, firing, and promotional decisions regarding Srinivasa Narasimhalu.
- Delta Information Systems, Inc. supervision will sit down at the end-client location with Srinivasa Narasimhalu if he requires such close supervision for his work's successful completion.
- Delta Information Systems, Inc. supervision will not rely on any on-site supervisor's input for purposes of evaluating Srinivasa Narasimhalu's work.
- Delta Information Systems, Inc, will of course claim Srinivasa Narasimhalu for tax purposes as its employee. ·

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- Delta Information Systems, Inc, will provide Srinivasa Narasimhalu with any primary benefits, such as any life or medical insurance, etc., which may be offered to its other employees, on the same terms.

   **Additional Right to Control and Performance Review:** We understand that Delta Information Systems, Inc. will retain the right to hire, fire, pay, and do performance reviews on Srinivasa Narasimhalu, and will control where, when and how long he will work, the provision of employee benefits, the method of payment, and the right to hire and pay any assistants required by him.

Exhibit A at 110-111.

26. Nabco subsequently supplemented that statement in a letter submitted in response to USCIS's above-referenced Request for Evidence in which, in reference to duties which he would provide at its location, it asserted that:

   During the performance of these services, Nabco Entrances has no employment relationship with Mr. Narasimhalu. We have no right to control the manner in which he performs these duties or otherwise make decisions regarding his employment. His employer; Delta Information Systems, Inc., is at all times responsible for the terms and conditions of his employment, including his salary, benefits, performance review, tax treatment, and the right to control where, when and how he performs his work.

Exhibit C at 33.

27. In its decision denying this petition the USCIS concedes that:

   Neither the legacy Immigration and Naturalization Service (INS) nor USCIS has defined the terms "employee," "employed," "employment," or "employer-employee relationship" by regulation for purposes of the H-l B visa classification, even though the regulation describes H-lB beneficiaries as "employees" who must have an "employer-employee relationship" with a U.S.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

employer. Therefore, for purposes of the H-1 B visa classification, these terms are undefined." Exhibit D at 2.

28. Inasmuch as these terms are undefined by the agency, one looks to the common law definition of the terms which, in regards to which, as noted above, the Supreme Court has found that  "A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or *right to control*" *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448 (2003) (emphasis supplied) and "In determining whether a hired party is an employee under the general common law of agency,   we consider the hiring party's *right to control* the manner and means by which the product is accomplished. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992).

29. Further, as also noted above "In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so." *Avis Rent A Car Sys., Inc. v. United States*, 503 F.2d 423, 425 n.1 (2d Cir. 1974) ; *Trent v. Atl. City Elec. Co.*, 334 F.2d 847, 863 (3d Cir. 1964) *; Am. Consulting Corp. v. United States*, 454 F.2d 473, 474 (3d Cir. 1971), Weber v. *Commissioner*, 60 F.3d 1104, 1110 (4th Cir. 1995); *Breaux & Daigle, Inc. v. United States*, 900 F.2d 49, 50 (5th Cir. 1990); *Peno Trucking, Inc. v. Commissioner*, 296 F. App'x 449, 455 (6th Cir. 2008); *Sargent v. Commissioner*, 929 F.2d 1252, 1253 (8th Cir.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

1991); ." *Blue Lake Rancheria v. United States*, 653 F.3d 1112, 1120 (9th Cir. 2011); *Jones v. Goodson*, 121 F.2d 176, 177 (10th Cir. 1941).

30. However, while conceding that "in considering whether or not one is an "employee" in an "employer-employee relationship" with a "United States employer" for purposes of H-1 B nonimmigrant petitions, USCIS focuses on the common-law touchstone of "control" the decision inexplicably fails to mention that it is the "right to control" not merely control itself, which is looked to." *Id* .

31. Nevertheless, the Decision does observe that "8 CFR § 214.2(h)(4)(ii)(2) defin(es) a "United States employer" as one who "has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise **control** the work of any  such employee .... " (Emphasis added)". *Id.*

32. The fact that an employer only "may" control the work of any other employee (rather than "must") demonstrates that, consistent with *Clackamas, Darden* and the decisions of the 2nd, 3rd, 4th, 5th, 6th, 8th, 9th and 10th circuits, it is only the right to control and not the actual exercise of the same which is determinative of an employer-employee relationship.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

33. Nevertheless, the Decision fails to identify a single iota of evidence in the record which shows that not only didn't Delta have the right to control the work of Mr. Narasimhalu, but even that it would not actually exercise it.

34. Accordingly, the USCIS's decision that Delta lacks an employer-employee relationship with the beneficiary is arbitrary and capricious. *Assn of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of Fed. Reserve Sys.,* 745 F.2d 677, 683-84 (D.C.Cir.1984)) (Scalia, J.).

B. THE DECISION IS NOT IN ACCORDANCE WITH LAW BECAUSE IT FOUND THAT SYSTEMS ANALYST IS NOT A SPECIALTY OCCUPATION DESPITE THE FACT THAT THE RECORD SHOWS THAT BACHELOR'S DEGREE IN A SPECIALIZED FIELD IS THE NORMAL REQUIREMENT FOR THE OCCUPATION

35. 8 CFR 214.2(h)(4)(iii)(A) provides in relevant part that:

Criteria for H-1B petitions involving a specialty occupation -- (A) Standards for specialty occupation position. To qualify as a specialty occupation, the position must meet one of the following criteria:
- (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position; … .

36. The Decision indicates that:

USCIS often looks to the USDOL's Occupational Outlook Handbook *(OOH)* when determining whether a job qualifies as a specialty occupation. This is because the *OOH* provides specific and detailed information regarding the educational and other requirements for occupations. As stated in the *OOH,* the

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

occupation allows for a wide range of educational credentials to qualify. While the *OOH* indicates that it is common for computer systems analysts to obtain a degree, the OOH clarifies that a bachelor's degree or its equivalent in a specific specialty is not normal1y the minimum required for entry into the occupation. Further, the *OOH* also indicates that computer system analysts have degrees in a wide range of unrelated degrees including computer related degrees, business degrees and liberal arts degrees.

37. However, the OOH actually   provides that most computer systems analysts "have a bachelor's degree in a computer-related field. https://www.bls.gov/ooh/computer-and-information-technology/computer-systems-analysts.htm#tab-4.'

38.  If "most" Computer Systems Analysts have a bachelor's degree in a computer-related field, then it follows that this qualification is "normally" required for this position and so the job qualifies as a specialty occupation. *See Next Generation Tech., Inc. v. Johnson*, No. 15 cv 5663 (DF), 2017 U.S. Dist. LEXIS 165531, at *30-31 (S.D.N.Y. Sep. 29, 2017).

39. This reasoning is consistent of that of the USCIS's s Administrative Appeals Office, which has stated in at least 131 different unpublished decisions, that "USCIS regularly approves H-1B petitions for qualified aliens who are to be employed as engineers, computer scientists, certified public accountants, college

| COMPLAINT | Michael E Piston (P34568) |
|---|---|
| | Attorney for the Plaintiffs |
| | 225 Broadway, Ste 307 |
| | New York, NY 10007 |
| | 646-845-9895 |
| | michaelpiston4@gmail.com |

professors, and other such occupations."[3] E.g. (Identifying Information Redacted By Agency) 2012 WL 4713226 (AAO February 08, 2012). However, the Occupational Outlook Handbook provides that "**Most** accountant and auditor positions require at least a bachelor's degree in accounting or a related field." (emphasis added). The OOH also states that "**Most** computer and information research scientists need a Ph.D. in computer science or a related subject, such as computer engineering." (emphasis added).

40. As these cases also illustrate "In general, provided the specialties are closely related, e.g., statistics and math, a minimum of a bachelor's or higher degree in more than one specialty is recognized as satisfying the "degree in the specific specialty" requirement of section 214(i)(1)(8) of the Act. In such a case, the required "body of highly specialized knowledge" would essentially be the same." *Matter of (Name Redacted)*, (AAO March 12, 2017)[4]

41. Further, at least two published decisions of the Immigration and

---

[3] Plaintiffs' counsel search Lexis's library of unpublished AAO and BIA decisions on March 18, 2018, to retrieve 131 decisions containing this paragraph. See Exhibit F. The first of these decisions is attached as Exhibit G.

[4] Available online at https://www.uscis.gov/sites/default/files/err/D2%20-%20Temporary%20Worker%20in%20a%20Specialty%20Occupation%20or%20Fashion%20Model%20%28H-1B%29/Decisions_Issued_in_2017/MAR212017_01D2101.pdf.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Naturalization Service have held that occupations which required at least a bachelor's degree in a certain subject or a related field qualify as a member of the professions. *Matter of Doultsinos*, 12 I & N Dec. (DD 1967), *Matter of Rabbani* ,12 I & N Dec. 15 (DD 1966).

42. These decisions are binding upon all Service employees in the administration of the Immigration and Nationality Act. 8 C.F.R. § 103.3(c).

43. "The clearest common denominator for professional standing is at least a baccalaureate degree awarded for academic study in a specific discipline or narrow range of disciplines. This requirement is explained in numerous Immigration and Naturalization Service precedent decisions dating back to 1966. E.g., *Matter of Portugues Do Atlantico Information Bureau, Inc*., Interim Decision 2982 (Comm.1984); *Matter of Ahmed*, 12 I & N Dec. 498 (R.C.1967); *Matter of Palanky*, 12 I & N Dec. 66 (R.C.1966); *Matter of Shin*, 11 I & N Dec. 686 (D.D.1966)." *Matter of Caron International, Inc*., 19 I. & N. Dec. 791, 793 (AAO 1988).

44. The USCIS has interpreted the term "specialty occupation" in the Immigration and Nationality Act to be "nothing more than a carry-over" from the pre-1990 Act term, "member of the professions", Memorandum of Jacquelyn

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Bednarz, August 26, 1993, reprinted in 70 No. 41 Interpreter Releases 1411.[5] See also (Identifying Information Redacted By Agency) , 2012 WL 4713221 nt4 (AAO, February 7, 2012).

45. The requirement that the degree must be in a specific academic major or have a specific title has been explicitly rejected by at least two United States District Court and affirmed by none.  The California Service Center denied an H-1B petition for a Market Research Analyst, finding that the OOH "…does not indicate that the degrees held by such workers must be in a specific specialty that is directly related to market research…." *In Re: Residential Finance Corporation*, WAC 11 215 55179 (CSC, Nov. 11, 2011). In reversing the CSC and directing approval of the petition, the court said this:

> Defendant argues that Plaintiff is attempting to read out of the statutory and regulation requirements the "specific specialty" component. But Defendant's approach is too narrow. …Defendant's implicit premise that the title of a field of study controls ignores the realities of the statutory language involved and the obvious intent behind them. The knowledge and not the title of the degree is what is important. Diplomas rarely come bearing occupation-specific majors. What is required is an occupation that requires highly specialized knowledge and a prospective employee who has attained the credentialing indicating possession of that knowledge. *See Tapis Int'l v. I.N.S.*, 94 F. Supp. 2d 172, 175-76 (D. Mass. 2000) (rejecting agency interpretation because it

---

[5] **EXHIBIT J.**

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- 24 -

would preclude any position from satisfying the "specialty occupation" requirements where a specific degree is not available in that field). *Residential Fin. Corp. v. United States Citizenship & Immigration Servs.*, 839 F. Supp. 2d 985, 996 (S.D. Ohio 2012)

46. Therefore the "body of highly specialized knowledge" which must be applied theoretically and practically in the performance of the duties of the occupation must by necessity be directly related to the duties of the occupation, that is, "the specific specialty." The source of that knowledge, however, may originate in different fields or disciplines, or a combination of fields or disciplines, including those in a "related field". Whatever the field named in the degree, the inquiry must go to the substance of the knowledge learned, the attainment of which is usually memorialized by the conferral of a degree.

47. Accordingly, inasmuch as the OOH, which the USCIS itself treats as an authoritative source, e.g., *Matter of Sea*, 19 I&N Dec. 817, 819 (Com. 1988), finds that most computer systems analysts have a bachelor's degree in a computer related field[6], therefore the USCIS did not act in accordance with law in finding it not to be a specialty occupation.

---

[6] The beneficiary has education, experience in training which has been found to be the equivalent of a bachelor's degree in computer information systems by "an official who has authority to grant college-level credit for training and/or experience in the specialty at an accredited college or university which has a program for granting such credit based on an individual's training and/or work experience;" as authorized by 8 C.F.R. §

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

C. INASMUCH AS MR. NARASIMHALU'S APPLICATION FOR EXTENSION OF STAY WAS DENIED SOLELY BECAUSE DELTA'S H-1B PETITION WAS DENIED, THEREFORE THE DENIAL OF HIS APPLICATION WAS ARBITRARY AND CAPRICIOUS AND NOT IN ACCORDANCE WITH LAW

48. 5 U.S.C. 706(2) provides that a court may "hold unlawful and set aside agency action, findings, and conclusions found to be—

- **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**WHEREFORE** it is respectfully requested that this Court hold unlawful and set aside the decisions denying Delta's petition for nonimmigrant worker upon Mr. Narasimhalu's behalf and Mr. Narasimhalu's application for extension of stay on the grounds that they were both arbitrary and capricious and not in accordance with law.

Respectfully submitted this April 3rd day of March, 2018

s/Michael E. Piston
Michael E. Piston (P34568)

---

214.2(h)(4)(iii)(D)(1). Exhibit A at 77-109. Therefore it is not disputed that he has the equivalent of a computer related baccalaureate degree.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|