February 27, 2018

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



DELTA INFO SYSTEMS INC
c/o MEGAN E ONEIL
PISTON & CARPENTER P C
314 TOWN CENTER DR
TROY, MI 48084



WAC1803050684

Form I-129, Petition for a Nonimmigrant Worker



A206-926-041

## DECISION

On November 13, 2017, your organization, DELTA INFO SYSTEMS INC, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify NARASIMHALU, SRINIVASA (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

INA § 101(a)(15)(H)(i)(b) provides, in part, for the classification of a qualified nonimmigrant:

> …who is coming temporarily to the United States to perform services…in a specialty occupation described in section 214(i)(1)…, who meets the requirements for the occupation specified in section 214(i)(2)…, and with respect to whom the Secretary of Labor determines and certifies…that the intending employer has filed with the Secretary an application under section 212(n)(1).

You seek to amend the beneficiary's stay and requested that USCIS extend the beneficiary's stay. You stated on the Form I-129 that you are an information technology consulting services business with 26 employees. You seek to employ the beneficiary as a SAP FI/CO Consultant from November 10, 2017 to November 09, 2018.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought. Accordingly, USCIS issued a Request for Evidence (RFE) on November 21, 2017. On February 13, 2018, you submitted a response.

After careful review and consideration of the entire record, based on a preponderance of the evidence, the petition will be denied for the reasons discussed below.

### No Employer-Employee Relationship

The first issue to be discussed is whether you have established that you have an employer-employee relationship with the beneficiary.

8 CFR § 214.2(h)(4)(ii) defines the term "United States employer" as follows:

> United States employer means a person, firm, corporation, contractor, or other association, or organization in the United States which:
>
> > (1) Engages a person to work within the United States;
> >
> > (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and
> >
> > (3) Has an Internal Revenue Service Tax identification number.

Neither the legacy Immigration and Naturalization Service (INS) nor USCIS has defined the terms "employee," "employed," "employment," or "employer-employee relationship" by regulation for purposes of the H-1B visa classification, even though the regulation describes H-1B beneficiaries as "employees" who must have an "employer-employee relationship" with a U.S. employer. Therefore, for purposes of the H-1B visa classification, these terms are undefined.

Thus, in considering whether or not one is an "employee" in an "employer-employee relationship" with a "United States employer" for purposes of H-1B nonimmigrant petitions, USCIS focuses on the common-law touchstone of "control." *See* 8 CFR § 214.2(h)(4)(ii)(2) defining a "United States employer" as one who "has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise **control** the work of any such employee . . . ." (Emphasis added)

You are an information technology consulting company which, it appears, does not produce any software products of your own but rather contracts with numerous outside companies in order to supply these companies with employees to fulfill specific staffing needs or complete service contracts. You indicate that the beneficiary will work for you off-site at another company in Muskego, WI. In support of the petition, you submitted the following evidence:

1. A copy of a letter from Chief Information Officer-Nabco Entrances Inc.;
2. A copy of a letter from Practice Management Support- GlobalSource IT;
3. Copies of Subcontractor Service Agreement and Statement of Work between you and GlobalSource IT; and
4. Documents regarding the products and services that you provide.

The letter from Chief Information Officer-Nabco Entrances Inc. confirms that the beneficiary will be working on SAP Branch roll-out Project. The beneficiary will assist in the configuration, implementation, testing, and integration of SAP DI/CO (finance and control) enterprise resource planning (ERP) system solutions in order to automate and streamline the client's business and financial processes. However, the letter does not contain sufficient information regarding specific job duties to be performed by the beneficiary while assigned to the "SAP Branch roll-out" project. The letter also does not further explain how each duty specifically relates to the outline of Statement of Work issued by GlobalSourceIT.

You were requested to provide additional evidence to establish that a valid employer-employee relationship will exist between you and the beneficiary, and that you have the right to control when, where, and how the beneficiary performs the work at the end-clients' location, including the ability to

hire, fire, and supervise the beneficiary through the duration of the requested H-1B validity period. USCIS provided a non-exhaustive list of items that could be used to satisfy the employer-employee relationship requirement. USCIS also informed you what the evidence should describe to determine if you have a sufficient level of control over the employee placed at a third-party location.

In response to the RFE, you provided (1) Copy of letter from Chief Information Officer-Nabco Entrances Inc., and (2) copy of Professional Services Master Agreement between Global Source Inc. and Nabco Entrances Inc.

Upon review, USCIS has determined that the evidence provided in the record does not establish the requisite employer-employee relationship between you and the beneficiary for the following reasons:

First, the record of proceeding does not contain contractual documents that cover the duration of the period of employment requested. According to the letter from Chief Information Officer-Nabco Entrances Inc., which states: "The letter is provided to further verify that Mr. Srinivasa Narasimhalu, an employed of Dela Information Systems Inc. is providing services to Nabco Entrances at our facility. Nabco Entrances has an agreement with Global Source IT for the provision of technical services. To fulfill its obligation under that agreement, Global Source IT has subcontracted with Mr. Narasimhalu's employer, Delta Information Systems Inc. for his services as a SAP FI/CO Consultant." The letter also provided a brief description of the beneficiary's duties. However, there are no documents to support as of how the beneficiary will actually perform these tasks, and the letter does not provide relevant details such as what "applications" are involved, and what exactly the beneficiary would do to "manage" it.

Second, the evidence is insufficient to establish that the beneficiary will be working on any projects to provide his services to Nabco Entrances. The Professional Services Master Agreement between Global Source Inc. and Nabco Entrances Inc. does not include information of project's timelines, conceptual outlines and diagrams, by name identification of the project team, by name assignment of specific aspects of the project, the description of the tasks that specific team members would perform, and the beneficiary's specific role in it. Thus, the record does not establish you will oversee any work the beneficiary will perform; other than putting the beneficiary on your payroll and providing benefits, and stating that you have the right to control and supervise the beneficiary.

For all of the reasons discussed above, there is no evidence to establish that any related works have been secured for the beneficiary in any capacity. As such, you have not demonstrated that a reasonable and credible offer or employment exits and it is unclear what role you have in the beneficiary's work assignment at Nabco Entrances. Thus, the record does not demonstrate that you will maintain an employer-employee relationship for the duration of the validity of the requested period.

Accordingly, the evidence is insufficient to establish that you have an adequate level of control over the beneficiary through your right to control the manner and means by which the product is accomplished, including when, where, and how the beneficiary performs the duties of the proffered position. Therefore, you have not established that you will be a "United States employer" having an "employer-employee relationship" with the beneficiary as an H-1B temporary "employee."

## Specialty Occupation

The second issue to be discussed is whether the position offered to the beneficiary qualifies as a specialty occupation.

INA § 214(i)(1) defines "specialty occupation" as follows, in relevant part:

> ...the term "specialty occupation" means an occupation that requires-
>
> (A) theoretical and practical application of a body of highly specialized knowledge, and
>
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 CFR § 214.2(h)(4)(ii) defines a specialty occupation to mean:

> ...an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

Pursuant to 8 CFR § 214.2(h)(4)(iii)(A), to qualify as a specialty occupation, the position must meet one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
> (3) The employer normally requires a degree or its equivalent for the position; or
>
> (4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

A specialty occupation is defined as one that requires the theoretical and practical application of a body of highly specialized knowledge and the attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. The regulations at 8 CFR § 214.2(h)(4)(iii)(A) further clarify how a position can qualify as a specialty occupation. However, it should be noted that 8 CFR § 214.2(h)(4)(iii)(A) must logically be read together with INA § 214(i)(1) and 8 CFR § 214.2(h)(4)(ii). Hence, the criteria stated in 8 CFR § 214.2(h)(4)(iii)(A) should logically be read as being necessary but not necessarily sufficient to meet the statutory and regulatory definition of specialty occupation. To otherwise interpret this section as stating the necessary and sufficient conditions for meeting the definition of specialty occupation would result in particular positions meeting a condition under 8 CFR § 214.2(h)(4)(iii)(A) but not the statutory or regulatory definition. To avoid this illogical result, 8 CFR § 214.2(h)(4)(iii)(A) must therefore be read as providing supplemental criteria that must be met in accordance with, and not as alternatives to, the statutory and regulatory definitions of specialty occupation. As such and consistent with INA § 214(i)(1) and the regulation at 8 CFR § 214.2(h)(4)(ii), USCIS consistently interprets the term "degree" in the criteria at 8 CFR § 214.2(h)(4)(iii)(A) to mean not just any bachelor's or higher degree, but one in a specific specialty that is directly related to the proffered position. Applying this standard, USCIS regularly approves H-1B petitions for qualified nonimmigrants who are to be employed as engineers, computer scientists, certified public accountants, college professors, and other

such occupations. These professions, for which petitioners have regularly been able to establish a minimum entry requirement in the United States of a bachelor's or higher degree in a specific specialty or its equivalent directly related to the duties and responsibilities of the particular position, fairly represent the types of specialty occupations that Congress contemplated when it created the H-1B visa category.

USCIS does not use a title, by itself, when determining whether a particular position qualifies as a specialty occupation. The specific duties of the proffered position, combined with the nature of your business operations are factors that USCIS considers. USCIS must examine the ultimate employment of the beneficiary and determine whether the position qualifies as a specialty occupation. The critical element is not the title of the position or an employer's self-imposed standards but whether the position actually requires the theoretical and practical application of a body of highly specialized knowledge, and the attainment of a bachelor's or higher degree in the specific specialty as the minimum for entry into the occupation, as required by the INA.

Each position is evaluated based upon the nature and complexity of the actual job duties to be performed with that specific employer. In addition, the beneficiary's obtainment of a degree in a related area does not guarantee the position is a specialty occupation. Further, performing specialty occupation duties that are incidental to the primary functions is insufficient to establish that the duties to be performed qualify as a specialty occupation. Through detailed descriptions of the beneficiary's duties, USCIS may discern the nature of the position and whether the position requires the theoretical and practical application of a body of highly specialized knowledge attained through attainment of at least a bachelor's degree or higher in a specific discipline.

You indicate that the beneficiary will assist in the configuration, implementation, testing, and integration of SAP DI/CO (finance and control) enterprise resource planning (ERP) system solutions in order to automate and streamline the client's business and financial processes. Specifically, he will perform the following duties:

- Set up organizational and financial structure of separate locations within SAP with different functions (e.g. manufacturing, sales and services, both), in different sales groups and countries/currencies (specifically, the client has multiple locations in both the US and Canada).
- Handle import of historical data and especially open transactional data when migrating various locations for multiple legacy systems (such as QuickBooks) into SAP.
- Assist the business in setting up structures to capture multiple sales orders, production orders, etc. into "Job Code" summaries for consolidated cost/margin/profit analysis.
- Develop and build report profit/loss analysis by location.
- Financial consolidation of different locations' data.
- Prepare functional specification for reports, interfaces, and conversions.
- Design and execute test plans to ensure that the business requirements and functional specifications are implemented properly and meet business objectives.
- Accountable for resolving AR, AP, GL, CO-PA related issues.
- Support and modify the SAP report painter.
- Development of SAP FI-SD and FI-MM integration.
- Develop business relation and integrate activists with other IT areas to ensure successful implementation and support project efforts."

You were requested to provide additional evidence to include a detailed description of the actual duties to be performed by the beneficiary on a day-to-day basis, and evidence to establish that the position meets the standards to qualify as a specialty occupation.

In response to the RFE, you indicate that:

1. The attached expert opinion letter from Dr. Sotirios Skevoulis, which finds that the proffered position undoubtedly qualifies as a specialty occupation in that it requires a bachelor's degree or its equivalent in Computer Science, Information Technology or a closely related field.
2. In the matter of *Tapis Int'l v. I.N.S., 94F. Sup. 2d172,175-76(D. Mass 2000)* and *Residential Financie Corporation v.USCIS, Case No.2:12-cv-00008 (U.S.D., S.D. Ohio, Mar 12,2012) Slip. Op. 18-19*, therefore, the "body of highly specialized knowledge" which must be applied theoretically and practically in the performance of the duties of the occupation must be necessity be directly related to the duties of the occupation, that is "the specific specialty", and
3. The end-client has confirmed its bachelor's degree requirement to perform Mr. Narasimhalu's proposed duties.

You cite matter of *Tapis Int'l v. I.N.S., 94F. Sup. 2d172,175-76(D. Mass 2000)* that in satisfying the specialty occupation requirements, both the Act and the regulations require a bachelor's degree in a specific specialty or its equivalent, and the degree does not have to be a degree in a single specific specialty. In other words, *Tapis Int'l v. INS, 94 F. Supp. 2d 172 (D. Mass. 2000)* does not stand for either (1) that a specialty occupation is determined by the qualifications of the beneficiary being petitioned to perform it; or (2) that a position may qualify as a specialty occupation even when there is no specialty degree requirement, or its equivalent, for entry into a particular position in a given occupational category.

USCIS find your support upon *Residential Finance Corporation v. USCIS, 839 F. Supp.2d 985 (S.D. Oh. 2012)* misplaced. It was noted that, the instant petition involves different issues, most notably a different occupation, that of Market Research Analyst and Marketing Specialist (SOC ONET/EOS13-1161). While these cases involved positions under the market research analyst occupational classification, you have not furnished sufficient evidence to establish that the facts of these cases are otherwise analogous to the facts in the instant petition. As such, this document does not reflect the instant petition, your company, or the proffered position.

When attempting to establish whether the position is a specialty occupation, you must show that the position meets at least one of four criteria at 8 CFR § 214.2(h)(4)(iii)(A).  USCIS will now discuss each criterion in turn:

### 1. A bachelor's or higher degree or its equivalent is normally the minimum requirement for entry into the particular position

USCIS recognizes the *Occupational Outlook Handbook* (*OOH*), a publication of the United States Department of Labor, as an authoritative source on the duties and educational requirements of the wide variety of occupations that it addresses. You have certified a Labor Condition Application (LCA) with the Department of Labor (DOL) that the proffered position is a Computer Systems Analyst. Citing the *Occupational Outlook Handbook* (*OOH*), a publication of the United States Department of Labor, the *OOH* describes the duties of a Computer Systems Analyst, in part, as follows:

> Computer systems analysts study an organization's current computer systems and procedures and design information systems solutions to help the organization operate more efficiently and effectively. They bring business and information technology (IT) together by understanding the needs and limitations of both.

The *OOH* describes the education required for Computer Systems Analyst, in part, as follows:

> Most computer systems analysts have a bachelor's degree in a computer-related field. Because

these analysts also are heavily involved in the business side of a company, it may be helpful to take business courses or major in management information systems.

Although many computer systems analysts have technical degrees, such a degree is not always a requirement. Many analysts have liberal arts degrees and have gained programming or technical expertise elsewhere.

Systems analysts must understand the business field they are working in. For example, a hospital may want an analyst with a background or coursework in health management, and an analyst working for a bank may need to understand finance.

USCIS often looks to the USDOL's Occupational Outlook Handbook (*OOH*) when determining whether a job qualifies as a specialty occupation. This is because the *OOH* provides specific and detailed information regarding the educational and other requirements for occupations. As stated in the *OOH*, the occupation allows for a wide range of educational credentials to qualify. While the *OOH* indicates that it is common for computer systems analysts to obtain a degree, the OOH clarifies that a bachelor's degree or its equivalent in a specific specialty is not normally the minimum required for entry into the occupation. Further, the *OOH* also indicates that computer system analysts have degrees in a wide range of unrelated degrees including computer related degrees, business degrees and liberal arts degrees.

Further, you did not provide substantive evidence that the duties of the proffered position incorporate the theoretical and practical application of a body of highly specialized knowledge, and that requires the attainment of a bachelor's or higher degree in the specific specialty or its equivalent as a minimum for entry into the occupation in the United States. As discussed earlier, the beneficiary's actual assigned work project and proposed duties are unclear. Thus, USCIS is unable from determining whether the offered position is one that would normally require the minimum of a baccalaureate degree in a specific specialty.

As a result, the proffered position cannot be considered to have met this criterion

2. **The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree**

USCIS will discuss this criterion in two parts as follows:

a. **Degree requirement is common to the industry in parallel positions among similar organizations**

The first alternative prong requires that you submit evidence that the degree requirement (a bachelor's degree or higher or its equivalent in a specific specialty) is common to the industry in parallel positions among similar organizations.

Factors often considered by USCIS when determining the industry standard include: whether the OOH reports that the industry requires a degree; whether the industry's professional associations have made a degree a minimum entry requirement; or whether letters or affidavits from firms or individuals in the industry attest that such firms routinely employ and recruit only degreed individuals.

You submitted an Expert Opinion Letter, analysis of specialty occupation, by Dr. Sotirios Skevoulis, Professor, Computer Science Department-Seidenberg School of Computer Science and Information Systems, which states " In conclusion, I believe that the subject position of SAP FI/CO Consultant

cannot be properly performed without bachelor's level training in Computer Science, Information Technology, or a closely field, given the advanced technical job duties prescirbed by the employer for the position..."

The professor reached his conclusion probably by relying on your description of the position rather than any specific study of the project the beneficiary is currently working on. There is no evidence that the professor knew any more about the specific duties of the position that what you provided. The professor's opinion also is not supported by copies or citations of research material that may have been used. The professor has not provided sufficient facts that would support the contention that the proffered position requires at least a bachelor's degree or higher or its equivalent in a specific specialty. USCIS gives limited weight to the professor's opinion, and may use as advisory opinion statements submitted as expert testimony. However, where an opinion is not in accord with other information or is in any way questionable, USCIS is not required to accept it or give it significant evidentiary weight.

As already discussed, you have not established that your proffered position is one for which the _OOH_ reports an industry-wide requirement for at least a bachelor's degree in a specific specialty. Furthermore, you did not submit any letters or affidavits from similar firms or individuals in your industry attesting that they routinely employ and recruit only degreed individuals.

 As such, you have not shown that the degree requirement is common to the industry in parallel positions among similar organizations.

### b. Complexity and uniqueness of the proffered position

The second alternative prong allows you to show that the proffered position is so complex or unique that it can be performed only by an individual with a bachelor's degree or higher or its equivalent in a specific specialty.  In reviewing this second alternative prong, USCIS looks to the Form I-129 and the documents filed in support of the petition. It is only in this manner that the agency can determine the exact position offered, the location of employment, the proffered wage, et cetera.  Through detailed descriptions of the beneficiary's duties, USCIS may discern the nature of the position and whether the position requires the theoretical and practical application of a body of highly specialized knowledge attained through attainment of at least a bachelor's degree or higher or its equivalent in a specific specialty.

The submitted list of duties is generic in nature and provides no further detail as to the unique or complex nature of the proffered position.  Without additional evidence showing the unique or complex nature of the position, or how this position differs from other similar positions within the same industry, you have not met this criterion.

As such, you have not shown that this position involves duties seen as either unique or complex so that only an individual with a bachelor's degree or higher in a specific specialty could perform them.

### 3. The employer normally requires a degree or its equivalent for the position

This third criterion requires that you show that you normally require a bachelor's degree or higher or its equivalent in a specific specialty for the proffered position.  USCIS looks to your employment practices as well as information regarding employees who previously held the position.

Although you assert that you normally require a baccalaureate degree for the proffered position, your reasoning is problematic when viewed in light of the statutory definition of specialty occupation. Your creation of a position with an obligatory bachelor's degree requirement will not conceal the fact

that the position is not a specialty occupation.

If USCIS was limited to reviewing a petitioner's self-imposed employment requirements, then any alien with a bachelor's degree could be brought into the United States to perform a menial, non-professional or an otherwise non-specialty occupation, so long as the employer required all such employees to have bachelor's degrees. See id at 388. See also *Matter of Michael Hertz Associates 19 I. & N. Dec. 558 (Comm. 1988)* (The requirement of a college degree for the sake of general education, or to obtain what an employer perceives to be a higher caliber employee, also does not establish eligibility).

As such, you have not shown that you normally require a degree or its equivalent in a specific specialty for the position.

### 4. The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a bachelor's or higher degree

The fourth criterion requires you to establish that the nature of the specific duties is so specialized and complex that the knowledge required to perform them is usually associated with the attainment of a bachelor's degree or higher or its equivalent in a specific specialty.

Since the field of computer is a very broad category that covers numerous and various discipline, you must demonstrate the beneficiary's work includes the theoretical and practical application of specialized knowledge at the higher level in a specific discipline. As discussed above, although, you indicate that the duties of the offered position are highly specialized, the submitted job description as described above does not convey the practical and theoretical application of the highly specialized knowledge that the beneficiary would have to apply.

Thus, based upon complete review of the record, you have not demonstrated (1) the substantive nature and scope of the beneficiary's employment, (2) the actual work that the beneficiary would perform in specific projects, (3) the complexity, uniqueness and/or specialization of the task, and (4) the correlation between that work and a need for a specific educational level of highly specialized knowledge in a specific specialty (or its equivalent). Therefore, USCIS cannot analyze whether these duties would require at least a baccalaureate degree or the equivalent in a specific specialty, as required for classification as a specialty occupation.

There is insufficient documentation on record to establish that the duties to be performed are so specialized and complex that the knowledge required to perform the duties would be associated with the attainment of a baccalaureate or higher degree in a specific specialty. You have not met any of the four criteria enumerated at 8 CFR § 214.2(h)(4)(iii)(A). Therefore, you have not shown that the proffered position is a specialty occupation.

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reasons, with each considered as an independent and alternative basis for denial.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider.

For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our National Customer Service Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

Kathy A. Baran
Director, California Service Center

Enclosures:
    Form I-290B, Notice of Appeal or Motion

cc: Megan E. O'Neil, Esq.